GOTTFRIED WITTWER, Respondent, *v.* LOUIS L. HUR-
WITZ et al., Trading under the Name of HURWITZ
BROS. IRON AND METAL COMPANY, Appellants.

Commissions — real estate brokers — facts examined in action for sum to be paid plaintiff if he obtained a customer for real estate owned by defendants, and held that the transaction did not pass beyond the stage of negotiation.

It was agreed between plaintiff and defendants that in case plaintiff secured a customer for certain real estate of defendants to be paid for at a price named in cash and by *assuming* payment of a mortgage on the property he should be compensated for his services. Plaintiff notified defendants that he had a customer who would pay the required sum in cash and take the property *subject* to the mortgage. Defendants the same evening notified plaintiff,

"Come with money and purchaser, otherwise option up at 12 o'clock." Plaintiff did not furnish the money that night. *Held*, that the plaintiff failed to make out a cause of action against the defendants for commissions, because he failed to secure a customer who agreed to assume the mortgage or one who made the payment required by the defendants.

*Wittwer* v. *Hurwitz*, 158 App. Div. 890, reversed.

(Argued October 11, 1915; decided November 16, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 11, 1913, affirming a judgment in favor of plaintiff entered by direction of the court after a special verdict.

This action is brought by the plaintiff to recover commissions on the sale of certain real estate agreed to be paid by the defendants. On October 23, 1912, the plaintiff and the defendants entered into a written agreement as follows:

"In consideration of one dollar and other good and valuable consideration, the parties of the first part (the defendants) hereby authorize the party of the second part to secure a customer, ready, willing and able to purchase the real property now owned by the parties of the first part, and formerly owned by The General Foundry & Machine Company located on Sand street, for the sum of twenty-five thousand dollars ($25,000.00), ten thousand dollars ($10,000.00) of which must be paid in cash to the parties of the first part, and fifteen thousand dollars ($15,000.00) *by assuming* a mortgage on said property, held by the Savings Bank. The parties of the first part agree to pay the party of the second part the sum of twenty-five hundred dollars ($2,500.00) provided he secures a purchaser for said property at the terms aforesaid, not later than Saturday October 26th, 1912. This contract expires and becomes null and void at midnight October 26th, 1912."

On October 26, 1912, at about nine o'clock in the evening, the plaintiff prepared and caused to be presented to the defendants the following communication:

" This is to advise you that I have this day obtained a purchaser for the property described in the agreement made and entered into between us on the 23rd day of October, 1912, who is ready, willing and able to purchase said property for the sum of $25,000.00, *subject to* the mortgage thereon for $15,000.00 and pay upon said purchase price the sum of $10,000.00 cash. That the name of said party is Edgar F. Brown, of Syracuse, N. Y."

Later in the evening and at about half-past ten o'clock, the defendants sent to the plaintiff the following:

" We are waiting for you at 717 Irving Ave. Come with money and purchaser, otherwise option up at 12 o'clock."

After sending the foregoing communication, the defendants called the plaintiff on the telephone and had a conversation with him to about the same effect as they had written. They told the plaintiff that if he wanted the property he would have to put up $10,000 before 12 o'clock that night; that they wanted the money that night, and it would have to be settled before 12 o'clock. The defendant replied over the telephone that he thought it was not necessary, and that he had done his duty.

On the 29th of October, Brown, the purchaser named in the plaintiff's communication of October 26, tendered to the defendants the sum of $10,000 and demanded a deed of the property included in the contract. The defendant Louis Hurwitz replied: " Well, this is a nice time to offer me the money. Why didn't they bring the money to my house the other night ? " The defendants refused to comply with the demand for the deed.

Further facts were proved upon the trial, but the foregoing are all that are necessary to present the questions considered on this appeal.

*Stewart F. Hancock* for appellants. The defendants under the elementary principles governing the formation of a contract never became bound to pay the plaintiff the sum of $2,500. (*Weaver* v. *Gay*, 3 L. R. A. 102; *Benedict* v. *Pincus*, 181 N. Y. 377; *Smith* v. *Truslow*, 84 N. Y. 660; *Comstock* v. *Drohan*, 71 N. Y. 9; *Paine* v. *Jones*, 76 N. Y. 274; *Bowen* v. *Beck*, 94 N. Y. 86; *Howells* v. *Stroock*, 50 App. Div. 344; *Sidney Glass Works* v. *Barnes & Co.*, 86 Hun, 374; *Nundy* v. *Matthews*, 34 Hun, 74; *Myers* v. *Smith*, 48 Barb. 614; *Brown* v. *N. Y. C. R. R. Co.*, 44 N. Y. 79; *McCotter* v. *New York*, 37 N. Y. 324; *Marschall* v. *Eisen Vineyard Co.*, 7 Misc. Rep. 674; *Wood & Selick* v. *Ellsworth*, 45 Misc. Rep. 584.) The doctrine of waiver does not apply. (*Gibson L. Co.* v. *L. & L. & G. Ins. Co.*, 159 N. Y. 418; *Ocumpaugh* v. *Engel*, 121 App. Div. 9; *Bradley* v. *Standard L. & A. Ins. Co.*, 112 App. Div. 536; *Pike* v. *Butler*, 4 N. Y. 360.)

*John F. Nash* for respondent. The defendants waived strict performance of the contract. They are now estopped from objecting to the performance made by plaintiff as a defense in an action on the contract. (*Johnson* v. *Oppenheim*, 55 N. Y. 280; *Money* v. *Elder*, 56 N. Y. 238; *Duclos* v. *Cunningham*, 102 N. Y. 678.) Plaintiff was not compelled under his contract to " bind the bargain." He had performed when he produced the purchaser "ready, willing and able to purchase." (*Bernard* v. *Monnot*, 33 How. Pr. 443; *Veeder* v. *Seaton*, 85 App. Div. 196.)

Cuddeback, J. The original contract signed by the defendants provided that the purchaser procured by the plaintiff should assume the $15,000 mortgage held by the savings bank, whereas the purchaser named by the plaintiff in his communication of October 26, proposed simply to take the property subject to the savings bank mort-

gage. This proposal the defendants answered by what was in effect an acceptance upon condition that the payment of $10,000 in cash required by the contract should be made before 12 o'clock that night. The plaintiff insists that the defendants, by this answer to his proposal, waived the requirement that the purchaser should assume the mortgage, and that the condition which they attached to their answer requiring payment of $10,000 before 12 o'clock was entirely unjustified. The plaintiff further insists that, with the provision for the assumption of the mortgage thus waived, he complied with the contract of October 26, by procuring a purchaser ready, able and willing to buy the defendants' property on the defendants' terms, within the time limited by the contract, and that it was not necessary that the actual contract of sale should be made within that time. To sustain the claim of waiver, the plaintiff relies on the rule that the defendants having based their refusal to perform on the ground that the money was not paid before 12 o'clock, they could not thereafter relieve themselves from liability, upon the ground that the purchaser did not offer to assume the mortgage, citing *Johnson* v. *Oppenheim* (55 N. Y. 280); *Mooney* v. *Elder* (56 N. Y. 238); *Duclos* v. *Cunningham* (102 N. Y. 678).

While the defendants contend that the provisions of the contract relating to the assumption of the mortgage were not waived, they also contend that the conditions which they imposed in their answer to the plaintiff's proposal, whereby they required payment of $10,000 before 12 o'clock, were proper and valid, and the failure of the plaintiff to meet those conditions renders the question of waiver immaterial. The plaintiff had not performed his contract with the defendants to procure a purchaser who would assume the mortgage, but had produced a purchaser who proposed to buy subject to the mortgage. In answer to that proposal the defendants made their position clear. Both in their written communication of Octo-

ber 26, and their conversation over the telephone, the same evening, they insisted upon what was practically the immediate payment of the $10,000, and they refused on October 29 to deliver the deed demanded, on the ground that the purchaser had failed to pay the money on the night of October 26.

The defendants thus made a conditional acceptance of the plaintiff's proposal. The defendants had the right to attach the condition requiring prompt payment to their acceptance, and if the plaintiff failed to secure compliance therewith there was no contract made. The plaintiff did not secure compliance, saying that he had done his duty and compliance with the defendants' condition was not necessary. It did not, of course, lie with the plaintiff to question the reasonableness or propriety of the terms imposed by the defendants.

If the plaintiff had produced a purchaser, able and willing to comply with the defendants' contract and assume the savings bank mortgage, then the question whether the defendants could require the purchaser to pay $10,000 before 12 o'clock might be important; but as the facts appear, that question is not presented. If, on the other hand, the plaintiff's customer had paid the $10,000 before 12 o'clock, then and then only would the question whether there was a waiver of the provisions of the contract relating to the assumption of the savings bank mortgage become material.

The case is analogous to those wherein the rule has been laid down that if a proposal made by one person to contract with another upon certain terms and conditions is met by a counter offer to contract on different terms and conditions, the first proposal is thereby rejected and the counter-offer may become the basis for further negotiations. (*Howells* v. *Stroock*, 50 App. Div. 344; *Sidney Glass Works* v. *Barnes & Co.*, 86 Hun, 374, 377; *McCotter* v. *Mayor, etc., of New York*, 37 N. Y. 325.) I think that the dealings between the parties to the present action

on October 26 did not pass beyond the stage of negotiation, and that the plaintiff failed to make out a cause of action against the defendants.

The judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., COLLIN, SEABURY and POUND, JJ., concur; CHASE and CARDOZO, JJ., dissent.

Judgment reversed, etc.