(172 App. Div. 705)

FEDERAL TERRA COTTA CO. v. POTTERTON BROS., Inc.

(Supreme Court, Appellate Division, First Department. May 19, 1916.)

1. SALES ⌐➡81(4)—CONSTRUCTION—TIME FOR PERFORMANCE.

Contract to deliver goods manufactured within 56 days after receipt of drawings and specifications, to be supplied on or before a certain date, requires that, when such drawings are supplied a few days later, the time for performance shall be proportionately extended.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 220; Dec. Dig. ⌐➡81(4).]

⌐➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. SALES ☞172—CONSTRUCTION—TIME FOR PERFORMANCE.
   Where a contract to deliver goods to be manufactured required delivery within 56 days after furnishing of plans and specifications, which were required to be furnished by defendant on a certain date although defendant failed to furnish them until 2 days thereafter, plaintiff was not relieved from delivery within 56 days of the date of furnishing the plans.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 425–430; Dec. Dig. ☞172.]

3. SALES ☞172—CONSTRUCTION—TIME FOR PERFORMANCE.
   In such case, the fact that plaintiff accepted other work before the plans were furnished did not excuse him from delivery within the time specified.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 425–430; Dec. Dig. ☞172.]

4. SALES ☞181(11)—PERFORMANCE—WAIVER OF CONDITIONS—EVIDENCE.
   Evidence *held* insufficient to show rescission of a contract for the delivery of goods to be manufactured, or waiver of the time within which they should be delivered.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 486, 487, 490; Dec. Dig. ☞181(11).]

5. SALES ☞176(1)—PERFORMANCE—WAIVER OF CONDITIONS—EVIDENCE.
   Where a contract required delivery of goods to be manufactured on a certain date, and the seller was in default, whereupon the buyer wrote, offering to accept them if delivered on a certain subsequent date, but they were not so delivered, there was no waiver of the time of delivery on which the seller could rely to enforce acceptance of the goods when delivered at a later time.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 436, 438, 443, 444; Dec. Dig. ☞176(1).]

6. SALES ☞170—TIME OF PERFORMANCE—ESSENCE.
   Where a building contractor bought certain materials to be manufactured for delivery within 56 days after he furnished plans and specifications, time of delivery was of the essence of the contract, where both parties knew that the contractor would be subject to a penalty if he failed to complete the work within a specified time.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. § 424; Dec. Dig. ☞170.]

Action by the Federal Terra Cotta Company against Potterton Bros., Incorporated. Plaintiff's exceptions to rulings on motions to direct a verdict and to dismiss the complaint were ordered to be heard in the first instance by the Appellate Division. Exceptions overruled, and judgment dismissing the complaint ordered.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

William W. Niles, of New York City, for plaintiff.
Joab, H. Banton, of New York City, for defendant.

McLAUGHLIN, J. Action to recover under a written contract $1,-875, damages alleged to have been sustained by defendant's failure to accept terra cotta manufactured for it by plaintiff. At the close of plaintiff's case, defendant moved for the dismissal of the complaint. The motion was denied. At the close of the whole case the plaintiff

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

moved for the direction of a verdict, which was denied, and defendant then renewed its motion to dismiss the complaint, which was granted.    Plaintiff duly excepted to these rulings, and the exceptions were ·ordered to be heard in the first instance at the Appellate Division.

[1] There is substantially no dispute as to the material facts involved. On April 15, 1913, the parties entered into a written contract, ·dated April 11, 1913, by which the plaintiff agreed to manufacture certain terra cotta according to plans and specifications and to deliver a portion thereof to the defendant within 56 days after receipt by plaintiff of its approved shop drawings and the selection of the color ·or colors by defendant, and the balance thereof within 84 days after such receipt and selection.    The defendant agreed to supply plaintiff with the original drawings from which the shop drawings were to be made, and also such further drawings and explanations as either party might consider necessary.    These drawings and information were to be furnished on or before April 16th.  .The contract also provided that, in case of strikes, accidents, or causes beyond the control of the plaintiff, the period of delay caused thereby should not be a part of the time allowed for delivery, but in such case plaintiff should complete the work within a reasonable time thereafter.    The defendant agreed to accept the terra cotta and pay a specified price therefor. Within the time contemplated by the contract the defendant supplied the original drawings, and from them shop drawings were prepared by plaintiff and submitted to defendant, who approved and returned the same on April 18th.    It is fairly to be inferred that the selection of the color had been made prior to that time, although the testimony is not very conclusive upon that point.    But it is not asserted by plaintiff that the defendant failed to perform its duty in this respect.    Under the terms of the contract, therefore, plaintiff was obligated to deliver the first installment of terra cotta within 56 days from April 18th, viz., June 13th.    Before plaintiff, however, could complete the requisite models and molds and proceed with the actual manufacture, it was necessary for the defendant to select the kind of surface to be put on the terra cotta.    This had not been done on April 18th, and in fact was not done until about April 25th.    A fair construction of the contract, therefore, requires that this latter date, rather than April 18th, should be deemed the starting point of the 56 days within which delivery of the first installment was to be made.    If this be done, then the first delivery was due June 20th.

[2] The plaintiff urges that, inasmuch as defendant did not approve and return the shop drawings until April 18th, and did not inform plaintiff of the kind of surface selected, it was thereby relieved of its obligation to make the first delivery within 56 days of either of those dates; its contention being in this respect that defendant was bound to perform these acts prior to April 16th, as a condition precedent to setting plaintiff's time performance running, and by reason of defendant's delays other work undertaken in the meantime by plaintiff took precedence over defendant's order, and the delay caused thereby. is chargeable not to the plaintiff but to the defendant.    I am unable ·to appreciate the force of this contention.    The fallacy of it, as it

seems to me, lies in the assumption that plaintiff's obligation to make the first delivery within 56 days was contingent upon defendant's furnishing all information called for prior to April 16th. The contract contains no such provision. Under its terms the only significance of this date is that prior thereto defendant was to furnish such information as would enable plaintiff to prepare its shop drawings. The defendant did not agree to approve and return these drawings at any particular time. It merely agreed to supply the original drawings before April 16th, and there is no evidence that it did not do so. As to the selection of the surface, it is perfectly obvious that this was not a part of the information necessary for the preparation of the shop drawings, for they were made by plaintiff, and returned, approved by defendant, at least a week before the surface was chosen.

[3] But, even if it be assumed that defendant was bound to furnish all information called for prior to April 16th, its failure to do so until April 25th did not excuse plaintiff's delay or default in thereafter completing the contract within the specified time. Under the contract the plaintiff agreed to make delivery of the first installment of terra cotta, not within 56 days from April 16th, but within 56 days from the receipt of its approved shop drawings and other necessary information. It was not relieved from this obligation by the fact that it saw fit, before the drawings and necessary information were received, to take other work which prevented its performing its contract with the defendant. If it had desired to be relieved upon that ground, then such a provision should have been inserted in the contract. It is quite obvious that plaintiff's default was due solely to its failure to prosecute the work with diligence after April 25th.

[4, 5] As already indicated, a fair construction of the contract required the plaintiff to deliver the first installment on June 20th. On June 14th plaintiff advised defendant, by letter, that it expected "to start shipments" about June 28th. On receipt of this letter, the defendant wrote the plaintiff, insisting that it make the shipments as required by the contract, and at the same time informed it that:

"We are under penalty for the completion of this work, and shall hold you responsible for any damage caused by your delay."

Plaintiff answered on June 19th, reiterating that the earliest delivery of the first shipment it could make would be on June 28th. On June 23d a partial strike occurred at plaintiff's factory, which became general on the following day, and defendant was so advised by letter dated June 25th, in which notice was given that plaintiff would claim an extension of the time of shipments under the strike provision in the contract. This letter was not received by defendant until June 28th, on which day he answered, calling attention to the fact that plaintiff had been in default for several days before the strike occurred. This letter, as well as the defendant's letter of June 16th, clearly indicates that defendant intended to stand upon the strict terms of the contract, and there is nothing in either of them which supports the contention of the plaintiff that defendant waived performance on the part of the plaintiff. There is no evidence of a waiver by defendant of the time

within which the terra cotta had to be delivered, unless it be found in the testimony of George A. Potterton, defendant's treasurer, in which he stated that, if the terra cotta had been received at any time prior to July 1st, it could have been used, or in the two letters written by defendant to plaintiff on July 1st and 3d respectively. In the first letter defendant offered to accept the terra cotta if shipped before "Wednesday of this week," and expressed the hope that plaintiff might "find a way to ship at once terra cotta on hand." To this letter plaintiff replied on July 2d, stating that it was not in default, and relied upon the strike clause in the contract, and would ship the terra cotta "in a reasonable time under the circumstances." Defendant answered this letter on the following day, calling attention to the terms of the contract, and insisted, as it had theretofore done, that the strike provision did not avail plaintiff, since it had been several days in default before the strike occurred. The letter concluded with the statement:

"We must therefore insist, with the owner, that unless delivery of the lintels, quoins, belt course, first story, be made on July 5, 1913, we shall cancel the contract and hold you for such damages as your breach may occasion."

The terra cotta was not shipped as directed, and then followed other correspondence, by which defendant notified plaintiff it would refuse to accept the same if shipped. I do not think this evidence would have justified a finding that there was a rescission of the contract or a waiver of the time within which the terra cotta had to be delivered. The most that can be said is that there was an offer to waive the time on condition that delivery be made on July 5th. The plaintiff did not accept the condition imposed; on the contrary, insisted it was not in default, and that it had a reasonable time after the termination of the strike in which to make a delivery. It would be a forced, and I think unreasonable, construction under such circumstances to hold that defendant's offer amounted to a rescission of the contract. Wittwer v. Hurwitz, 216 N. Y. 259, 110 N. E. 433. If the plaintiff had changed its position, or been prejudiced in any way by the offers thus made, a different question would be presented; but it affirmatively appears this was not the case, for by reason of the strike no work at all was done by plaintiff on defendant's order from June 24th until July 17th, several days after the defendant notified the plaintiff it would not accept the terra cotta.

[6] It is perfectly obvious that the time of delivery was the essence of the contract. The defendant, as plaintiff knew, was engaged in the construction of a building and had to have the terra cotta; otherwise the work could not proceed, and, if not completed within a certain time, penalties would be imposed. The defendant neither prevented performance nor waived the time within which the contract had to be performed by plaintiff. It was several days in default when the strike occurred, and while the defendant was anxious to get the terra cotta, an offer to take it if delivered within a certain time, such offer not having been complied with, did not inure to the plaintiff's benefit. The acts of the defendant did not amount to a rescission of the contract, or

impose upon it an obligation to accept the terra cotta within a reasonable time after the strike had terminated.

My conclusion is that the exceptions should be overruled, with costs, and judgment ordered for defendant, dismissing the complaint, with costs. Settle order on notice. All concur.