Louis Schrag, Appellant, *v.* Leo Cohn, Respondent.

Supreme Court, Appellate Term, First Department, June 18, 1925.

Brokers — real estate brokers — action for commissions — terms of sale stated price and cash required — broker entitled to commission on procuring purchaser ready, willing and able to pay price and down payment — owner cannot bar right to commission by changing amount of down payment.

A real estate broker is entitled to recover his commissions for the sale of property, where the only terms of the sale specified by the owner were the price of the property and the amount of cash required, where it appears that the broker procured a customer ready, willing and able to purchase on the terms specified. The owner cannot bar the broker's right to commissions by insisting that the purchaser make a larger cash payment than that specified in the terms of sale submitted to the broker; the broker cannot be penalized by the vagueness of the terms submitted by the owner.

Appeal by plaintiff from a judgment of the Municipal Court, Borough of Manhattan, Seventh District, dismissing the complaint after a trial by a judge and jury.

*Rabenold & Scribner* [*Harold Wisan* of counsel], for the appellant.

*Samuel Ellerstein* [*Harry Stackell* of counsel], for the respondent.

Per Curiam:

Plaintiff sued for commissions as real estate broker. His complaint was dismissed after his evidence was in but before he had formally rested. The original employment stated none of the terms of the sale other than the price and the amount of cash required. Subsequently plaintiff appeared at defendant's office and stated that he had a customer ready, able and willing to sign a contract then or the next day. As matter of fact the client was at that time waiting in the broker's office for a telephone message to go to the conference and execute any necessary papers. A discussion took place between defendant and the broker and new terms were introduced in regard to the amount of cash. This of course could not be done to the prejudice of plaintiff's commission. The colloquy of the learned trial court with counsel indicates that he took the unjustified position that under the circumstances it was incumbent upon plaintiff to physically produce the client in order that the remainder of the terms might be agreed upon before completing the required proof of readiness, ability and willingness.

The plaintiff cannot be penalized by the vagueness of the terms;

if he meets all of the seller's requirements as expressed to him or implied from the facts he has performed his employment.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, MULLAN and PROSKAUER, JJ.