PHILIP A. PAYTON, JR., COMPANY, Appellant, v. BRUNO RICHTER, Respondent.

Supreme Court, Appellate Term, First Department, December 15, 1925.

Brokers — real estate broker — action for commissions — subsequent change by owner in terms of sale does not affect broker's right to commissions.

In an action to recover commissions for having procured a purchaser able and willing to buy defendant's property on the terms given by the defendant to the plaintiff, the latter's right to commissions is not affected by a subsequent change by the owner in the terms of sale and his attempt to force the plaintiff to accept a reduced commission because another broker had been employed, and, therefore, it was error to dismiss the complaint.

APPEAL by plaintiff from a judgment of the City Court of the City of New York, dismissing the complaint at the close of plaintiff's case.

*Katz & Levy* [*Henry B. Lanim* of counsel], for the appellant.

*Cohen, Gutman & Richter* [*Theodore B. Richter* and *William Victor Goldberg* of counsel], for the respondent.

PER CURIAM.  This action is brought to recover a commission for having procured a purchaser able and willing to buy defendant's

property on the terms given by the defendant to the plaintiff broker.

Plaintiff testified in substance that he produced such a customer; that it then developed that another broker had also been employed and had had at least some negotiation with the purchaser and plaintiff suggested to defendant that possibly he would owe the other broker an additional commission. Thereupon there was a prolonged adjournment of the preparation of a contract, to enable defendant to adjust matters with the other broker. Finally the defendant told the broker to bring his customer to the office of defendant's lawyer where the contract was drawn embodying the terms which defendant had given to the broker as modified during the course of negotiations and " everything was agreed on " with the exception of the brokerage clause. Plaintiff asked defendant, " What was the commission? " Defendant said, " $1,000, Oh, no, $1,450. I said it. He (defendant) said ' No, I will pay $1,000, that is enough. The other broker ought to have some. He has worked on it.' " Thereupon the deal was called off.

Respondent, of course, concedes the well-settled rule that if the broker has produced a customer able and willing to purchase on the terms prescribed by the principal the broker has earned his commission. He contends, however, that plaintiff's customer was not willing to meet defendant's terms because he insisted on sixty days to close the title, during which time an installment of $1,000 would be due on the first mortgage which defendant would have to pay in the meantime, " thus changing the terms prescribed from $15,000 cash and a purchase money mortgage of $33,000 to $14,000 cash and a $34,000 purchase money mortgage." Or, in other words, since the purchase was negotiated for $85,000 subject to a first mortgage of $37,000 with a cash payment of $15,000 and a purchase-money mortgage of $33,000, the adjournment of the closing (although the plaintiff still had to pay $15,000 cash) necessitated the defendant's reducing the first mortgage by $1,000 and increased the purchase-money mortgage to be given to him by the customer from $33,000 to $34,000.

In respect to this contention, it seems to me that the plain intimation of a case recently decided by us is a complete answer in plaintiff's favor. (*Schrag* v. *Cohn*, 125 Misc. 258.) Although in that case the defendant, principal, actually undertook to introduce " new terms " into the bargain, we said: " The plaintiff cannot be penalized by the vagueness of the terms; if he meets all of the seller's requirements as expressed to him or implied from the facts he has performed his employment." It may well be, as there suggested and as mentioned in a number of other decisions, that

the parties necessarily realize that minor details remain to be adjusted and that the broker is bound to produce a purchaser who will act reasonably in respect of such details and that the same obligation rests upon the vendor. (See, generally, *Wittwer* v. *Hurwitz*, 216 N. Y. 259; *Tanenbaum* v. *Boehm*, 202 id. 293; *Davidson* v. *Stocky*, Id. 423.) That point, however, need not be decided in the instant case because the parties actually did agree on the unimportant and comparatively trivial matters that still remained to be adjusted even though they were not included in the terms given to the broker. While in our opinion the broker had long before earned his commission, he certainly had earned it when this contract was agreed on in all its terms, and the defendant's attempt to force plaintiff to accept a reduced commission was wholly unjustified. Indeed, under the authorities, had the plaintiff accepted the terms as changed it would not have affected his rights because made without consideration.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

All concur; present, BIJUR, LEVY and CHURCHILL, JJ.