F. W. BERK & COMPANY, INC., Respondent, *v*. SAMUEL DERECKTOR, Appellant.

Argued April 6, 1950; decided May 26, 1950.

*Jacob Goldstein* and *Joseph H. Kraus* for appellant. I. Plaintiff's letter does not constitute an offer to purchase. (*Watts* v. *Carter & Sons, Inc.,* 207 App. Div. 656; *Machinery Utilities Co.* v. *Fry,* 224 App. Div. 392; *Blackwell* v. *Glidden Co.,* 208 App. Div. 317, 239 N. Y. 545; *Nicholls* v. *Granger,* 7 App. Div. 113.) II. There being no offer, there was not, and could not be, an acceptance. (*Smith, Inc.,* v. *Karsh,* 123 Misc. 948; *Mayer* v. *McCreery,* 119 N. Y. 434; *White* v. *Corlies,* 46 N. Y. 467.) III. An acceptance, subject to other terms and conditions than those contained in the offer, is equivalent to an absolute rejection of the offer. (*Hughes* v. *John Hancock Mut. Life Ins. Co.,* 163 Misc. 31; *Mayer* v. *McCreery,* 119 N. Y. 434; *Cameron* v. *Wright,* 21 App. Div. 395, 163 N. Y. 586; *Englestein* v. *Mentz,* 345 Ill. 48; *Haber* v. *Jacobson Co.,* 185 App. Div. 650; *Consolidated Coal Co.* v. *Peers,* 166 Ill. 361; *Schenectady Stove Co.* v. *Holbrook,* 101 N. Y. 45; *Stanley* v. *Gannon,* 109 Misc. 611; *Mahar* v. *Compton,* 45 N. Y. S. 1126; *Honeyman* v. *Massyat,* 6 H. L. Cas. 112.)

*Michael Stramiello, Jr.,* and *Eugene R. Pickrell* for respondent. I. Plaintiff's order of the merchandise in question was a firm and unqualified offer. (*Pope* v. *Terre Haute Car & Mfg. Co.,* 107 N. Y. 61; *O'Neill Supply Co.* v. *Petroleum Heat & Power Co.,* 280 N. Y. 50; *Malloy* v. *Foster,* 169 Misc. 964.) II. Defendant's acceptance of plaintiff's order was definite and binding.

LOUGHRAN, Ch. J. The action is one for breach of contract.

On January 11, 1949, the plaintiff sent to the defendant a letter in these words:

" We hereby order from you 1045 Flasks OF PRIME VIRGIN MERCURY, 99.5% Pure, 76 pounds net weight each, standard iron flask, at a price of $60.75 per flask, in bond, C. I. F. New York.

" We will establish immediately, in your favor, an irrevocable letter of credit, providing for payment against on board Bill of Lading, presented in New York.

" We will take care of any and all commission payments that may be due in this transaction to Wm. M. Stieh & Co., Inc. and agree to hold you harmless from any claims they may make in connection therewith.

" It is requested that you arrange for inspection certificates so that full weights and analysis as called for herein be assured and that these certificates be available along with the invoices, bill of lading, etc."

At the bottom of that letter, the defendant wrote and signed this sentence: " We confirm that the above is our understanding of this agreement, and accept this order, subject to our arranging all the above phases of this transaction."

A motion by the defendant for dismissal of the complaint was denied by the court at Special Term for reasons stated as follows: " The letter is unequivocal and constitutes a definite and binding order. The assertion that defendant's acceptance was qualified and hence not binding must also be overruled at this time. While the language of the acceptance is ambiguous the facts should be developed at the trial." The Appellate Division affirmed by a vote of three to two and we now have the case on this further appeal by the defendant.

The following three questions have been certified to us by the Appellate Division:

" 1. Does the complaint of the Plaintiff-Respondent state facts sufficient to constitute a cause of action?

" 2. Was the letter of the Plaintiff-Respondent a firm offer to purchase?

" 3. Was the language used by the Defendant-Appellant ' We confirm that the above is our understanding of this agreement, and accept this order subject to our arranging all of the above phases of this transaction ', a qualified or conditional acceptance, and therefore a rejection of the original offer? "

The Justices who dissented from the affirmance by the Appellate Division apparently thought that the " subject to " clause in the defendant's acceptance had been directed to every part of the plaintiff's order and not to the last paragraph thereof alone. Nothing turns on that issue, however; for if the acceptance was subject only to the defendant's arranging for the inspection certificates required by the last paragraph of the order, there was still no such absolute and unqualified assent to the plaintiff's proposal as was necessary to convert it into a promise. (See *Schenectady Stove Co.* v. *Holbrook,* 101 N. Y. 45; *Poel* v. *Brunswick-Balke-Collender Co.,* 216 N. Y. 310, 319; *Wittwer* v. *Hurwitz,* 216 N. Y. 259, 264; 1 Williston on Contracts [Rev. ed.], §§ 72–73.)

The dissenting opinion of the Appellate Division defines the phrase " subject to " as being the equivalent of " conditional upon or depending on." We agree.

The orders should be reversed and the complaint dismissed, with costs in all courts. The first question certified should be answered in the negative. The third question certified should be answered in the affirmative. The second question certified need not be answered.

LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Orders reversed, etc.