346

[No. 1703-1. Division One. December 28, 1973.]

ELFRIEDE EVA KIRK, *Individually and as Guardian, Appellant,*
v. CONTINENTAL LIFE & ACCIDENT COMPANY, *Defendant,*
MARGARET ANN JACOBSON, *Respondent.*

*Murray, Dunham & Waitt* and *Robert K. Waitt,* for appellant.

*Richard D. Harris,* for respondent.

FARRIS, J.—The issue at trial and here is whether Charles Jacobson, the insured, now deceased, could change the beneficiary of his life insurance policy to Margaret Ann Jacobson, his wife at the time of his death. Elfriede Kirk, Mr. Jacobson's former wife, appeals the granting of a summary judgment for Mrs. Jacobson.

Mr. Jacobson and Mrs. Kirk were married in 1959. He adopted her daughter Heidi on June 27, 1962. They were divorced on January 26, 1965, and each subsequently remarried. In March 1969, Mr. Jacobson was unable to continue employment because of diabetes which eventually resulted in his blindness. His income dropped from approximately $585 per month net to at most $195 per month in Social Security disability payments.

On October 6, 1970, his insurer, Continental Life & Accident Company, received a group policy change of beneficiary form from Mr. Jacobson:

CHANGE OF BENEFICIARY
Under and subject to the terms of the above Group

Policy, I hereby annul and revoke any former designation of Beneficiary by me made and I now designate as Beneficiary:

| Jacobson | Margaret | A. | July 27, 1946 |
|---|---|---|---|
| Last Name | Own First Name | Middle Initial | Date of Birth |

Related to me as __wife__ .

The insurance proceeds shall be payable at my death in one sum unless on my written request above it is specifically provided otherwise. IN WITNESS WHEREOF, I have hereunto set my hand and seal.

| Oct. 3, 1970 | /s/Margaret A. Jacobson | /s/Charles L. Jacobson |
|---|---|---|
| Date Completed | Witness | Signature of Insured Certificate Holder |

On October 15, 1970, Continental requested that Mr. Jacobson submit an individual policy change of beneficiary form. This form was received by Continental on November 12, 1970.[1]

Mr. Jacobson died November 17, 1970. On November 25, 1970, Continental wrote to him advising that the second amendment form had been incorrectly completed and that in effect it named Elfriede Kirk as beneficiary. The letter continued:

> We do need the signature of your ex-wife, on the enclosed form or a copy of the divorce decree granting this policy to you, or have her sign the Community Property Release form, enclosed. Without one of these three things, we regret that we cannot change the beneficiary on the policy since this is a part of the community property of you and your ex-wife.

Mrs. Kirk initiated this action when Continental refused to disburse the policy proceeds. Mrs. Jacobson moved for summary judgment, claiming that she was entitled to the proceeds as the properly designated beneficiary. The trial court agreed and granted the motion. This appeal followed.

The facts are not in dispute. The policy provided for a change of beneficiary at any time upon written notice to the company:

---

[1] "Change Present Designation Of Elfriede Jacobson, ex-wife, to be changed to Primary Beneficiary—my present wife Margaret Ann Jacobson."

BENEFICIARY. Unless otherwise endorsed hereon, any time while this policy is in force, the Beneficiary may be changed by written notice to the Company at its Home Office. Upon receipt by the Company of such notice of change, the change shall take effect as of the date the notice was signed, without prejudice to the Company for any payment made by the Company or action taken by it before receipt of such notice at its Home Office. The interest of any Beneficiary not surviving the Insured shall vest in the Owner.

The change of beneficiary forms received by Continental on October 6, 1970, and November 12, 1970, complied fully with this provision. Any ambiguity in the second form is resolved by reference to the first form which makes Mr. Jacobson's intent to change the policy beneficiary to his present wife, Margaret Jacobson, clear. The forms were effective to change the beneficiary to Mrs. Jacobson *unless* the decree of divorce between Mr. Jacobson and the now Mrs. Kirk prohibited the change. *See Sun Life Assurance Co. of Canada v. Sutter*, 1 Wn.2d 285, 95 P.2d 1014, 125 A.L.R. 1089 (1939). The pertinent provision of the decree states:

> IT IS FURTHER ORDERED that the defendant be and he hereby is awarded as his sole and separate property the following: . . . life insurance policy with Continental Life Insurance Company in the amount of $10,000.00, naming the minor child as an irrevocable beneficiary prior to said child's reaching the age of 21 years, becoming married, or otherwise emancipated, and subject also to the defendant's earning capacity remaining within 25% of what he is presently earning; . . .

Mrs. Jacobson concedes that this provision makes Heidi the irrevocable beneficiary until she reaches the age of 21 years, becomes married or otherwise emancipated, but argues that it is of no force or effect if Mr. Jacobson's earning capacity drops by more than 25 percent of his earnings at the time of the divorce.

Mrs. Kirk argues that the language "subject also to the defendant's earning capacity remaining within 25% of what

he is presently earning" refers only to Mr. Jacobson's obligation to pay the premiums. Mrs. Kirk agrees that when Mr. Jacobson's income dropped, he could properly discontinue premium payments on the policy, but argues that he was obligated at least to petition the court before changing the beneficiary. Neither Heidi nor anyone on her behalf offered to continue paying the insurance premiums although the state of Jacobson's earnings was known and a reduction of support payments was agreed upon.

The divorce decree placed ownership of the insurance policy in Mr. Jacobson. RCW 26.08.110 provides that a divorce decree as to the "custody, management and division of property shall be final and conclusive upon both parties subject only to the right to appeal as in civil cases, . . ." This provision requires a trial court to make a final disposition of all property of the parties which is brought to its attention. *Shaffer v. Shaffer,* 43 Wn.2d 629, 262 P.2d 763 (1953); *DeRevere v. DeRevere,* 5 Wn. App. 446, 488 P.2d 763 (1971). The divorce decree awarded Mr. Jacobson all attributes of ownership of the policy limited only by the requirement that he maintain the policy in force and not change the beneficiary *unless* he experienced a reduction in income. When his income dropped, his obligation to maintain the policy and to name Heidi as beneficiary terminated.

█ The critical phrase in the divorce decree is "subject to." That phrase has been defined:

> The word "subject" means, "being under the contingency of; dependent upon or exposed to (some contingent action)." Webster's International Dictionary, 2d ed. p. 2509. The word "however," between the word "subject" and the word "to," merely accents the contingency in this contract, . . .

*Blue Ridge Apt. Co. v. Telfair Stockton & Co.,* 205 Ga. 552, 558, 54 S.E.2d 608 (1949). *See also F.W. Berk & Co. v. Derecktor,* 301 N.Y. 110, 92 N.E.2d 914 (1950).

The obligation to name Heidi beneficiary was irrevocable until she became 21 years of age, self-supporting, married

or otherwise emancipated, but the entire obligation was "subject to," *i.e.*, contingent upon Mr. Jacobson's earnings not decreasing by more than 25 percent of what he was earning at the time of the divorce. This condition was self-operating. Nothing was required to change the beneficiary except compliance with the policy provision. Mr. Jacobson complied with that provision.

Affirmed.

WILLIAMS and CALLOW, JJ., concur.

Petition for rehearing denied April 9, 1974.

Review granted by Supreme Court July 26, 1974.