[No. 43251.    En Banc.    January 9, 1975.]

ELFRIEDE EVA KIRK, *Individually and as Guardian, Petitioner*, v. CONTINENTAL LIFE & ACCIDENT COMPANY, *Defendant*, MARGARET ANN JACOBSON, *Respondent*.

*Robert K. Waitt* and *Roger Dunham* and *Murray, Dunham & Waitt,* for petitioners.

*Richard D. Harris, for respondent.*

BRACHTENBACH, J.—This case concerns a dispute over the proceeds of a life insurance policy, and the issue raised is whether the insured, now deceased, could designate his second wife as beneficiary of the policy without violating the terms of a decree entered in the divorce of insured from his first wife. The contestants are decedent-insured's second wife, defendant, and the daughter of decedent's first wife, decedent's adopted child.

The insured married Elfriede Kirk and adopted her daughter Heidi. They were divorced, and one of the community property assets before the court in that proceeding was a $10,000 life insurance policy which named plaintiff as beneficiary. In reference to that policy, the property settlement agreement provided:

> 4. The second party *shall maintain* the present life insurance policy on his life in the amount of $10,000.00 with Continental Life Insurance Company and pay the regular monthly payments of $12.80 and shall name Heidi Katherine Jacobson as the *sole and exclusive* beneficiary until she reaches the age of 21 years, becomes self-supporting, is married, or is otherwise emancipated. This requirement of the second party is conditioned upon his earnings remaining within 25% of what he is presently earning, which is approximately $271.00 every two weeks.

(Italics ours.)

The findings of fact and the decree approved and confirmed the property settlement agreement, but dealt with the insurance policy in somewhat different terms. The decree provided:

> IT IS FURTHER ORDERED that the defendant be and he hereby is awarded *as his sole and separate property* the following: . . . life insurance policy with Continental Life Insurance Company in the amount of $10,000.00, naming the minor child as an *irrevocable beneficiary*

prior to said child's reaching the age of 21 years, becoming married, or otherwise emancipated, and *subject also* to the defendant's earning capacity remaining within 25% of what he is presently earning; . . .

(Italics ours.) The beneficiary clause of the policy was never changed to reflect the sole beneficiary status of the child. Both parties remarried, the insured marrying the woman who is defendant in this case.

Later the insured became unable to continue employment because of diabetes, a condition which caused his blindness and eventual death. His "earning capacity" therefore fell below 75 percent of the amount he was earning at the time of the divorce. He continued, however, to make payments on the insurance policy. On October 6, 1970, Continental Life and Accident Company received from Mr. Jacobson a form which was intended to change the beneficiary of his policy from his adopted daughter to his second wife. The company responded with a request for a different form, and the latter form was received by the company on November 12. Mr. Jacobson died on November 17. The company wrote on November 25 to advise Mr. Jacobson that the amended form was incorrectly completed and that the signature of his former wife was required in order to effect the change apparently intended. The company was not aware of the terms of the divorce decree.

Plaintiff commenced this action when the company refused to disburse the insurance proceeds. Mrs. Jacobson, the second wife, moved for summary judgment on the ground that she was entitled to payment as the properly designated beneficiary. The trial court granted that motion, the Court of Appeals affirmed. *Kirk v. Continental Life & Accident Co.*, 10 Wn. App. 346, 517 P.2d 616 (1973). We reverse.

■ This case turns solely upon the meaning of the reduced income provision contained in the divorce decree. While it is clear that the provision would have permitted Mr. Jacobson to terminate the life insurance policy when

his earning capacity dropped below the specified level, there is nothing in the decree which explicitly relates to the problem of whether he could change the beneficiary once his income was reduced. To resolve issues concerning the intended effect of a divorce decree, we are ordinarily limited to examining the provisions of that decree. Where there is ambiguity in the language, however, we will consider other documents for the purpose of ascertaining the trial court's intent. *Callan v. Callan*, 2 Wn. App. 446, 468 P.2d 456 (1970). There is substantial ambiguity in the decree being considered here. The trial court's findings and decree approved and incorporated the property settlement agreement but also modified, without indicating an intention to do so, the terms in the agreement relating to the insurance policy. The property settlement agreement required Mr. Jacobson to maintain the policy with the daughter as "sole and exclusive" beneficiary until she was emancipated. That requirement was "conditioned upon" his earnings remaining within the specified range. The decree, in contrast, awarded the insurance policy to Mr. Jacobson as his sole and separate property with the daughter as "irrevocable beneficiary" prior to her emancipation and "subject also" to his earning capacity remaining within the specified range. These differences in language are significant, because it is necessary to determine what kind of interest Mr. Jacobson possessed in the policy once his earning capacity diminished. The ambiguity created by the decree's concurrent incorporation and modification of the property settlement agreement requires our consideration of both documents.

Either of two interpretations can be placed upon the reduced income provision contained in the decree. Plaintiff argues that Mr. Jacobson could have terminated the policy when his earning capacity dropped but that the daughter was to remain beneficiary of the policy for so long as it was maintained. Defendant argues that, upon the reduction in earning capacity, Mr. Jacobson acquired unqualified control

over the policy and was free, therefore, to change the beneficiary. The language of the decree is equivocal, permitting either interpretation. However, the property settlement agreement clearly supports plaintiff's view. The parties to that agreement intended that the policy was to be maintained solely for the protection of the daughter until she was emancipated. That requirement to provide insurance protection was not absolute but was conditioned upon Mr. Jacobson's ability to maintain a certain level of income. Such a condition simply recognized that a change in Mr. Jacobson's financial situation might render his payment of insurance premiums unduly burdensome, regardless of the desirability of protecting the daughter. In other words, the provision was intended to furnish economic relief without the necessity of obtaining a judicial modification of the decree, and not to serve as a contingency for the purpose of determining Mr. Jacobson's property interest in the policy. We conclude that Mr. Jacobson's obligations to maintain the policy and to name the daughter as beneficiary were coextensive, conditioned upon his continuing ability to pay the premiums on the policy. He did not terminate the policy, and the daughter is entitled to the proceeds.

Summary judgment should have been entered in favor of the plaintiff. It is so ordered.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, and UTTER, JJ., concur.

Petition for rehearing denied February 18, 1975.