FILED
COURT OF APPEALS
DIVISION II

2014 MAY 20 AM 10: 56

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re Marriage of: | No. 44196-9-II |
| KENNETH ANDERSON, | |
| Appellant, | UNPUBLISHED OPINION |
| v. | |
| RANA BLAES, f/k/a RANA ANDERSON, | |
| Respondent. | |

BJORGEN, J. — Kenneth Anderson[1] appeals from the trial court's denial of his motion to revise a decision by the superior court commissioner denying his request to terminate his obligation to make support payments to his former wife, Rana Blaes, on behalf of his daughter, EA. Kenneth argues that, under the terms of a 2009 child support order, his obligation should have terminated when EA turned 18 because she was not enrolled in high school on her birthday. Because Kenneth has failed to show that the trial court abused its discretion in continuing his support obligation under the 2009 order, we affirm.

## FACTS

Following their divorce, Kenneth was ordered to make child support payments to his former wife, Rana Anderson, now Rana Blaes, for the benefit of their two children, EA and her

---

[1] We refer to Kenneth Anderson by his first name for clarity, and we refer to the daughter by her initials.

brother. The order, filed September 25, 2009, provided that

> [s]upport shall be paid: Until the child(ren) reach(es) the age of 18 or as long as the childr(en) remain(s) enrolled in high school, whichever occurs last, except as otherwise provided below [with respect to post secondary education].

Clerk's Papers (CP) at 36.

On May 24, 2012, Kenneth filed a petition to modify his child support obligations, requesting termination of support for EA, with credit for payments made since December 2011. In his attached declaration, Kenneth alleged that EA had not been enrolled in high school as of her 18th birthday and stated his belief that his support obligation therefore terminated on that date. EA turned 18 on November 10, 2011. Kenneth asserted that Blaes had only sought to have EA enrolled after the Division of Child Support of the Department of Social and Health Services (DCS) requested proof of enrollment to determine Blaes's continuing eligibility to receive child support payments. In support of his petition, Kenneth attached a letter from EA's high school counselor, a letter DCS sent to Blaes requesting proof of EA's enrollment, and a copy of EA's school records.

Following a hearing on Kenneth's petition, the commissioner entered an order of child support for EA's brother, adding the following relevant handwritten notations:

> F.      Court reserves the issue of the termination of support for [EA] to allow respondent [Blaes] to present her evidence of enrollment. If the court finds enrollment occurred after 11/10/11 [EA's] support will be terminated effective with Nov. 2011.
> G.      A review hearing shall be scheduled to determine the termination issue and to review [EA's] complete Oakland High School records.

CP at 93. Thus, the commissioner plainly agreed that, unless EA had been enrolled on her 18th birthday, Kenneth's obligation to support her terminated on that date.

Following the subsequent review hearing, the commissioner entered an order on September 18, 2012, reciting that the court had "reviewed the records and files herein and [been] fully advised" and requiring Kenneth to resume making support payments for EA. CP at 113-14. If the commissioner entered a specific finding that EA was enrolled on her 18th birthday, it does not appear in the record.

Kenneth moved to revise the commissioner's order, again requesting termination of his obligation to support EA. A Pierce County Superior Court judge heard the motion to revise on October 12, 2012. The court noted that EA remained enrolled in school and inquired whether she was "still dependent and in need of support." Verbatim Report of Proceedings (VRP) at 2. Kenneth, appearing through counsel, maintained that the only relevant issue was whether EA had enrolled in school by her 18th birthday, presenting essentially the same arguments made in his previous petition to revise his child support obligations. Blaes, appearing pro se, described her efforts to further EA's education, asserting that EA continued to attend classes and remained dependent.

The court denied the motion to revise, but entered a new order of child support providing for automatic termination of Kenneth's support obligation if EA did not meet specific academic criteria. The order did not include any specific findings as to when EA enrolled in high school. Kenneth timely appeals.

## ANALYSIS

The heart of Kenneth's argument is that under the 2009 support order his obligation terminated as a matter of law on EA's 18th birthday, unless she was enrolled in high school on that date. We disagree with this reading of the order, holding that it should not be interpreted to

3

automatically terminate support if EA were not enrolled in high school on her 18th birthday. Given that reading, we conclude that the superior court did not abuse its discretion in continuing Kenneth's support obligation under the terms of the 2009 order.

## I. SCOPE AND STANDARD OF REVIEW

We may affirm the court below "'on any grounds established by the pleadings and supported by the record.'" *In re Marriage of Rideout,* 150 Wn.2d 337, 358, 77 P.3d 1174 (2003) (quoting *Truck Ins. Exch. v. VanPort Homes, Inc.,* 147 Wn.2d 751, 766, 58 P.3d 276 (2002)). The interpretation of a child support order presents a question of law that we review de novo. *In re Marriage of Sagner,* 159 Wn. App. 741, 749, 247 P.3d 444 (2011). In general, however, we review a trial court's decision on a petition to modify a child support order for abuse of discretion, and will overturn the decision only if it was manifestly unreasonable or based on untenable grounds or reasons. *Schumacher v. Watson,* 100 Wn. App. 208, 211, 997 P.2d 399 (2000). In addition, substantial evidence must support the trial court's findings of fact supporting a modification of child support. *In re Marriage of Peterson,* 80 Wn. App. 148, 152-53, 906 P.2d 1009 (1995). The party challenging the trial court's decision bears the burden of demonstrating an abuse of discretion. *Schumacher,* 100 Wn. App. at 211.

We review the final decision of the superior court, but when the superior court denies a motion to revise a court commissioner's ruling on a motion to modify a child support order, it adopts the commissioner's findings, conclusions, and ruling as its own. *State ex rel. J.V.G. v. Van Guilder,* 137 Wn. App. 417, 423, 154 P.3d 243 (2007). When a trial court fails to explicitly articulate findings of fact or distinguish them from conclusions of law, we exercise discretion in

No. 44196-9-II

determining what facts the superior court actually found. *Tapper v. State Emp't Sec. Dep't*, 122 Wn.2d 397, 406, 858 P.2d 494 (1993).

## II. UNDER THE 2009 CHILD SUPPORT ORDER, ENROLLMENT ON EA'S 18TH BIRTHDAY WAS NOT A PREREQUISITE TO CONTINUED SUPPORT

Washington statute provides that, "[u]nless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child." RCW 26.09.170(3). Emancipation generally occurs no later than when the child reaches the age of majority, set by the legislature at 18 years. *In re Marriage of Gimlett*, 95 Wn.2d 699, 702-04, 629 P.2d 450 (1981); RCW 26.28.010. When a child support order explicitly provides for post-majority support, however, a parent's child support obligation may continue beyond the age of majority if the child remains dependent in fact. RCW 26.09.100(1), .170(3); *Childers v. Childers*, 89 Wn.2d 592, 597-99, 575 P.2d 201 (1978). Under an order that expressly provides for such post-majority support, a court may even modify a parent's obligation[2] pursuant to a motion filed after the child has reached 18 years, so long as the support has not yet terminated. *In re Marriage of Cota*, 177 Wn. App. 527, 535-36, 312 P.3d 695 (2013); *Balch v. Balch*, 75 Wn. App. 776, 779, 880 P.2d 78 (1994).

The effect of the 2009 child support order in EA's situation pivots on the requirement that support be paid until she "reach(es) the age of 18 or as long as [she] remain(s) enrolled in high school, whichever occurs last. . . ." CP at 36. This explicitly provides for post-majority support of EA, meeting one of the two central requirements noted above for continuation of

---

[2] For example, by adding a support obligation for postsecondary educational expenses.

5

support beyond the 18th birthday. The other requirement, that the child remain dependent in fact, is not at issue in this appeal. With this, Kenneth's position reduces to the argument that the language "as long as [EA] remains enrolled in high school" necessarily means that any lapse in enrollment, however brief, after the age of majority would terminate the support obligation.

Our Supreme Court held in *Gimlett*, 95 Wn.2d at 704-05, that

> [w]here a judgment is ambiguous, a reviewing court seeks to ascertain the intention of the court entering the original decree by using general rules of construction applicable to statutes, contracts and other writings. *Callan v. Callan*, 2 Wn. App. 446, 468 P.2d 456 (1970). This is "not a question of fact, but is a question of law for this court." *Leavy, Taber, Schultz & Bergdahl v. Metro. Life Ins. Co.*, 20 Wn. App. 503, 504, 581 P.2d 167 (1978). Normally the court is limited to examining the provisions of the decree to resolve issues concerning its intended effect. *Kirk v. Cont'l Life & Accident Co.*, 85 Wn.2d 85, 88, 530 P.2d 643 (1975).

Under these standards, the phrase "as long as [EA] remains enrolled in high school" could plausibly mean, as Kenneth argues, that any lapse in enrollment after her 18th birthday terminates his support obligation. This reading, however, works against the purpose of the statutory scheme governing child support. The statement of legislative intent codified in the dissolution statute, chapter 26.09 RCW, provides that "[i]n any proceeding between parents under this chapter, the best interests of the child shall be the standard by which the court determines and allocates the parties' parental responsibilities." RCW 26.09.002. Terminating support for an 18-year-old to finish high school due to any lapse in enrollment, no matter how short or justified, hardly serves the child's best interests.

Also instructive is the approach the legislature took in other, related situations. The statute setting the requirements for a court-ordered award of postsecondary support explicitly

provides that the support obligation "shall be suspended automatically during the period or periods the child fails to comply with" those requirements. RCW 26.19.090. Thus, a parent's obligation to support a child who falls out of "good academic standing" at college, and thus out of compliance with the statutory requirements, would not terminate entirely, but would instead resume once the child regains such standing. With this flexibility afforded to postsecondary students, it would be anomalous to deprive a high school student of all support for a similar lapse in compliance.

To be consistent with the statutory purposes it serves, the 2009 order should not be interpreted to terminate support solely because EA was not enrolled in high school on her 18th birthday. The parties do not dispute that EA was enrolled and attending classes at the time Kenneth filed his petition. The evidence submitted by Kenneth shows, at most, a six-day lapse in enrollment from EA's birthday to her full-time enrollment on November 16, 2011. With such a short break in enrollment after her birthday, the trial court did not abuse its discretion in declining to terminate Kenneth's support obligation. Reading the 2009 order consistently with its purpose, EA remained enrolled in high school within the meaning of the order.

CONCLUSION

Under the circumstances presented, the superior court did not abuse its discretion in refusing to terminate Kenneth's support obligation for EA For that reason, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW

7

No. 44196-9-II

2.06.040, it is so ordered.

Bjorgen, J.

We concur:

Worswick, C.J.

Johanson, J.

8