[No. 35268. Department Two. September 22, 1960.]

JOSEPH D. FORAN, *Appellant*, v. ROBERT LEE KALLIO *et al.*, *Respondents.*[1]

[1]Reported in 355 P. (2d) 544.

*Brumbach & Hennessey,* for appellant.

*Skeel, McKelvy, Henke, Evenson & Uhlmann* and *Thor P. Ulvestad,* for respondents.

FINLEY, J.—As a result of a collision which occurred on First Avenue, South, in Seattle, at about four o'clock a. m., on the morning of December 7, 1957, Joseph D. Foran suffered severe personal injuries and damage to his automobile. Appellant Foran had been driving his car in a southerly direction, when it ran out of gas. He was able to coast over to the curb, where he parked and hailed a passing taxicab for the purpose of obtaining gas for refueling. After the taxicab driver returned with the gas, he parked his cab immediately to the rear of appellant's car. While appellant was engaged in refueling his car, a 1950 Plymouth automobile, driven by eighteen-year-old Robert Lee Kallio, smashed into the rear of the taxicab, causing it to lurch forward, strike appellant, and damage appellant's automobile.

Suit was commenced against the aforesaid Robert Lee Kallio (hereinafter referred to as respondent son) on a theory of negligence. The boy's parents (hereinafter referred to as respondent parents) were joined as defendants under the family-car doctrine. After a trial on the merits, judgment was entered against respondent son for $65,026.62 and costs. However, on the basis of findings of fact and conclusions of law, to be hereinafter noted, the action against respondent parents was dismissed. In essence, the trial court determined that, as a matter of fact, the family-car doctrine is inapplicable to the instant case. The only questions raised on this appeal relate to the propriety of that determination.

The family-car doctrine has been considered by this court in a number of cases, the first of which appears to be

*Birch v. Abercrombie* (1913), 74 Wash. 486, 133 Pac. 1020, and the most recent of which is *Jerdal v. Sinclair* (1959), 54 Wn. (2d) 565, 342 P. (2d) 585. Perhaps as clear and concise a statement of the rule as any appears in *Hart v. Hogan* (1933), 173 Wash. 598, 24 P. (2d) 99:

"One who furnishes an automobile for the use of his family is liable to a third person for injuries sustained as the result of the negligence of a member of the family in the operation of the automobile for such member's pleasure."

■ In the course of the *Hart* opinion this court quoted from 7-8 Huddy, Automobile Law, 320-326, § 125, reading, in part:

" 'The person upon whom it is sought to fasten liability under the "family car" doctrine must *own, provide,* or *maintain* an automobile for the general use, pleasure and convenience of the family." (Italics ours.)

In the instant case it is undisputed that the 1950 Plymouth automobile, which respondent son was driving at the time of the accident, had been purchased and was being maintained entirely from funds earned by respondent son. The trial court's finding on this point, to which appellant has assigned no error, is:

" . . . He [respondent son] had acquired this car with funds earned by delivering papers, working part time in a hardware store and from earnings during the summer months when he was employed at Boeing and other places full time. He paid all cost of operation and maintenance and had effected insurance coverage on the vehicle in his own name and paid the premiums from his own earnings. . . ."

However, appellant contends that, nevertheless, the automobile was "owned, furnished, or maintained" by respondent parents for the reason that the earnings of an unemancipated minor child belong to the parents of such child. *American Products Co. v. Villwock* (1941), 7 Wn. (2d) 246, 109 P. (2d) 570, 132 A. L. R. 1010, and cases cited therein. In this connection, appellant has assigned error to the trial court's finding of fact No. 6 and conclusion of law No. 1, both of which are relative to the issue of emancipation and read:

*Finding of Fact No. 6:* "The defendant Robert Kallio's parents released to the minor son his earnings and they were released from the duty of providing him a college education which the defendant son undertook to provide for himself out of his earnings. The earnings were treated by all defendants as his own and the car he purchased with his earnings as his car. All of these dealings concerning both the minor Robert Kallio's earnings and the car involved in the accident took place long before the date of the accident."

*Conclusion of Law No. 1:* "That the defendant Robert Lee Kallio was *partially emancipated* in that the parents released to the minor son his earnings and they were released from the duty of providing him a college education which the defendant son undertook to provide for himself out of his earnings, *and that said automobile was his automobile and not a family car.*" (Italics ours.)

 We agree that the crucial issue in this case, upon which the applicability or nonapplicability of the family-car doctrine depends, is the issue of emancipation. However, we are convinced that the trial court correctly disposed of this issue. Partial emancipation has been defined by this court as the voluntary "waiver or relinquishment of the parent's right to the earnings of the infant. . . ." *Hines v. Cheshire* (1950), 36 Wn. (2d) 467, 219 P. (2d) 100. In the *Hines* case we quoted with approval the following summary of the rule as found in 165 A. L. R. 733:

" 'When parents allow or compel a minor child to hire himself out to others and permit him to collect and retain his earnings and spend them as he pleases, without asserting a claim thereto based upon their legal right to the services and earnings of their minor children, this amounts to a waiver of the parental rights to such services or earnings and constitutes an implied emancipation of the child with resultant legal incidents upon the rights of the parent and the child.' "

██ ██ It is true that emancipation is never presumed and must be clearly proved. *American Products Co. v. Villwock* (1941), *supra.* However, the evidence in the instant case clearly indicates that respondent parents, for sometime prior to the purchase of the automobile, had allowed their son to retain his earnings from his part-time

and summer full-time jobs, and to spend such earnings as he pleased. In short, the evidence clearly supports the trial court's finding of fact No. 6, above quoted. Under the rule announced in *Hines v. Cheshire, supra,* this finding, in turn, supports the trial court's conclusion of law No. 1, *supra*—that respondent son was partially emancipated, and, hence, that the automobile which respondent son was driving at the time of the accident was his own and not a family car.

■ Appellant attaches some significance to an additional fact, as found by the trial court, which has not previously been mentioned in this opinion; namely, that, while attending college at his own expense and maintaining the automobile out of his own earnings, respondent son was living in his parents' home, and was paying no room or board. However, this factor in no way negatives the crucial element of a partial emancipation; *i.e.,* a voluntary relinquishment by the parents of any claim upon or right to the son's earnings. *Hines v. Cheshire, supra.*

For the reasons expressed in this opinion, the judgment of the trial court dismissing appellant's suit with respect to respondent parents should be affirmed. It is so ordered.

HILL, ROSELLINI, FOSTER, and HUNTER, JJ., concur.