[No. 47117–7.   En Banc.   June 11, 1981.]

*In the Matter of the Marriage of* JUDY LOUISE
GIMLETT, *Petitioner, and* DAVID M.
GIMLETT, *Respondent.*

*Rovai, McGoffin & Turner,* by *Robert L. Rovai,* for petitioner.

*Gelman & Associates,* by *Herbert Gelman,* for respondent.

STAFFORD, J.—This case concerns a postdissolution proceeding for enforcement of the child support provisions of an original dissolution decree. The Court of Appeals held the decree did not provide for child support payments after the child attained the age of majority. Mrs. Gimlett petitioned this court for review. We affirm.

The marriage of David and Judy Gimlett was dissolved by a decree entered in June 1974. The decree of dissolution granted custody of the couple's two children, Joy (15) and Deidre (14), to petitioner wife and ordered respondent husband to pay

toward the support, maintenance and education of the two minor children of the parties, the sum of $450.00 per month per child until said children are emancipated . . .

The decree was amended in June of 1975 by granting respondent custody of Joy and terminating support payments attributable to her.

When Deidre became 18 in March of 1978, respondent ceased paying for her support. At that time she lived with petitioner while attending college. Petitioner sought to have respondent held in contempt of court for his failure to continue payments for Deidre, and also petitioned the trial

court to modify the decree to require him to pay $600 a month "until said child is emancipated and terminates her educational needs or ceases attending any accredited educational institution". The petition was dismissed with prejudice on petitioner's own motion, and the trial court declined to hold respondent in contempt. The trial court found that Deidre was still dependent upon her parents and thus was not "emancipated" within the contemplation of the decree. Judgment was entered for the support arrearages and respondent was ordered to continue support payments.

The Court of Appeals reversed the trial court, holding that "emancipation" as used in RCW 26.09.170 was not intended to be equated with "cessation of dependency". Rather, it held, the legislature intended the term to be construed broadly to mean *any* concept of emancipation, including "emancipation by law" upon attaining the age of majority. Petitioner's petition for review was granted.

The basic issue is whether Deidre became emancipated, as that term is used in RCW 26.09.170 and in the dissolution decree, on her 18th birthday. We hold she was.

RCW 26.09.170 (Laws of 1973, 1st Ex. Sess., ch. 157, § 17, p. 1224) reads in pertinent part:

> Unless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child or by the death of the parent obligated to support the child.

Petitioner contends the legislature used "emancipation" as a synonym of "cessation of dependency" and that since Deidre is still dependent, child support payments should continue. Respondent asserts the legislature intended support to terminate at the age of majority unless otherwise expressly provided for in the decree.

The dissolution of marriage act, RCW 26.09, does not define the word "emancipation". Where a statute fails to define a term there is a presumption the legislature intended the term to mean what it meant at common law. *Hearst Corp. v. Hoppe,* 90 Wn.2d 123, 580 P.2d 246 (1978).

Further, prior judicial use of a term will be considered since the legislature is presumed to know the decisions of this court. *Miller v. Paul Revere Life Ins. Co.,* 81 Wn.2d 302, 308, 501 P.2d 1063 (1972).

■ The term "emancipation" has been used in two senses. *See generally* 59 Am. Jur. 2d *Parent and Child* § 93 (1971). Emancipation occurs by operation of law upon a child reaching the age of majority. *See Reedy v. Reedy,* 12 Wn. App. 844, 532 P.2d 626 (1975). At that time, the person is released from parental power and becomes sui juris.[1] *Webster's Third New International Dictionary* 738 (1971); *Childers v. Childers,* 89 Wn.2d 592, 597 n.1, 575 P.2d 201 (1978). By virtue of RCW 26.28.010 a person is emancipated in this sense of the word at the age of 18.

On the other hand emancipation can occur due to factual circumstances of the case. *Childers,* at 597 n.1. This concept reflects the legal recognition that certain events, such as marriage, military service, incarceration or economic sufficiency, may terminate the economic dependence a child has upon her parents and cause her to be emancipated "in fact" prior to reaching majority. In such a case, parental rights and duties are extinguished in whole or in part.

Prior cases dealing with emancipation have been concerned with whether minor children have been emancipated in fact, in differing types of actions. *See, e.g., Foran v. Kallio,* 56 Wn.2d 769, 355 P.2d 544 (1960) (child partially emancipated, so family–car doctrine not applicable); *Koon v. Koon,* 50 Wn.2d 577, 313 P.2d 369 (1957) (child not emancipated by military service so support payments required); *Hines v. Cheshire,* 36 Wn.2d 467, 219 P.2d 100 (1950) (because minor partially emancipated his earnings were his own, so could recover them upon disaffirmance of contract). Cases of this sort have always assumed emancipation occurs upon reaching the age of majority, but that it could come earlier given the right circumstances. No case

---

[1]"Having capacity to manage one's own affairs; not under legal disability to act for one's self." Black's Law Dictionary 1602 (4th ed. 1968).

lends support for the idea that emancipation does not occur upon reaching majority as argued by petitioner.

A review of RCW 26.09 as a whole is useful in determining the legislature's intent by employing the word "emancipation" in RCW 26.09.170. *See Hartman v. State Game Comm'n,* 85 Wn.2d 176, 179, 532 P.2d 614 (1975). RCW 26.09.100 states in pertinent part:

> [T]he court may order either or both parents owing a duty of support to any child of the marriage dependent upon either or both spouses to pay an amount reasonable or necessary for his support.

We held in *Childers v. Childers, supra,* that this statute contemplated the fact that dependency could continue beyond majority, and child support could be granted until the cessation of dependency under RCW 26.09.170 if it was expressly provided for in the decree.

If petitioner's argument were correct there would have been no reason for the requirement that for support obligations to continue *after* emancipation the obligation must be expressly stated. Support obligations terminate at the cessation of dependency in any case due to RCW 26.09.100. Statutes are construed wherever possible so that no portion is superfluous. *Childers v. Childers, supra* at 597; *Sim v. State Parks & Recreation Comm'n,* 90 Wn.2d 378, 383, 583 P.2d 1193 (1978). Petitioner's contention would nullify or render meaningless the legislature's requirement that any support ordered *after* emancipation must be "expressly provided in the decree". RCW 26.09.170.

There is good logic for a legislative requirement that support after the age of majority must be expressly provided in the decree. The support–paying parent is given advance notice of the termination date or event, rather than being forced to wait for some elusive or fortuitous date of the dependency cessation. The court order, in granting continued payments after majority, can specify the conditions for their termination in light of the circumstances of the parties. If this is not done, however, support will terminate as of a specific date, *i.e.,* the 18th birthday of the

child.

This should impose no hardship on either the children or the parents. Postmajority support can be granted in the original decree if justified by the circumstances. *Childers v. Childers, supra.* In compelling situations where postmajority support was not originally granted, courts have the power to modify the decree upon a showing of a substantial change of conditions. RCW 26.09.170; *cf. Wagner v. Wagner,* 95 Wn.2d 94, 98, 621 P.2d 1279 (1980) (modification of alimony). It should be noted that a petition to modify the decree was filed in this case, but was then dismissed with prejudice.

Petitioner argues that language in *Childers v. Childers, supra,* compels a contrary result. That case dealt with the authority of a trial court to impose postmajority child support obligations. We held the legislature had allowed for such obligations in RCW 26.09.100 and .170. The meaning of "emancipation" was not before us in *Childers,* however, and we expressly did not address that question. Further, dicta regarding the meaning of "emancipation" is ambiguous. For example, at page 596, we noted a "legislative intent that the trial court have jurisdiction to enter a decree of support for children past *age 18*" (italics ours), equating "age 18" with "emancipation" as used in RCW 26.09.170.

In light of the foregoing we hold that, as used in RCW 26.09.170, "emancipation" occurs upon reaching the age of majority or emancipation in fact whichever event first occurs.

Petitioner further argues that the judge presiding at the original dissolution intended to provide for support past the age of majority. After looking at the circumstances of the parties at that time, the second trial judge assumed the original trial judge did not intend that support end when the children reached the age of majority.

Where a judgment is ambiguous, a reviewing court seeks to ascertain the intention of the court entering the original decree by using general rules of construction appli-

cable to statutes, contracts and other writings. *Callan v. Callan,* 2 Wn. App. 446, 468 P.2d 456 (1970). This is "not a question of fact, but is a question of law for this court." *Leavy, Taber, Schultz & Bergdahl v. Metropolitan Life Ins. Co.,* 20 Wn. App. 503, 504, 581 P.2d 167 (1978). Normally the court is limited to examining the provisions of the decree to resolve issues concerning its intended effect. *Kirk v. Continental Life & Accident Co.,* 85 Wn.2d 85, 88, 530 P.2d 643 (1975).

A review of the original decree makes it obvious the original judge equated emancipation with the age of 18. The paragraph immediately following the support provision in question, concerned with life insurance to guarantee those payments, talks of the "age of emancipation". It does not say "*condition* of emancipation" which would be necessary to support petitioner's argument. Further, the support provision itself speaks of support of the two "*minor* children" of the parties (italics ours).

Even if the original trial judge did subjectively intend support to continue beyond majority, he did not effectuate his intent. The statute requires that support after emancipation, if desired, must be "expressly provided in the decree . . ." The trial court did not expressly provide for support beyond emancipation by granting support "until said children are emancipated . . ."

The Court of Appeals is affirmed.

BRACHTENBACH, C.J., and ROSELLINI, UTTER, DOLLIVER, HICKS, WILLIAMS, DORE, and DIMMICK, JJ., concur.