[No. 16189-3-II.  Division Two.  September 20, 1994.]

VELMA M. BALCH, *Appellant*, v. JERRY D. BALCH, *Respondent.*

*Scott J. Horenstein* and *Horenstein & Duggan,* for appellant.

*Mary H. Arden* and *Arden & Brandenburg, P.S.,* for respondent.

*Kenneth W. Weber,* amicus curiae.

SEINFELD, A.C.J. — Maria Salcido Grenzebach petitioned the superior court to order her former husband, Jerry D. Balch, to pay child support for the college education of their then 19-year-old son, Tyson. The Superior Court dismissed her petition for want of subject matter jurisdiction. Grenzebach appeals; we reverse.

## FACTS

The Clark County Superior Court dissolved the marriage of Grenzebach and Balch on July 16, 1979, awarding custody of the couple's four children to Grenzebach. The dissolution court ordered Balch to pay $150 per month for each child "until under the laws of the State of Washington there is no longer an obligation to pay support". In 1982, based upon a stipulation of the parties, the Superior Court "modified" the dissolution decree by ordering: "[T]he children shall be supported until they are no longer in need of support."

Tyson turned 18 on June 14, 1990, but did not complete high school until June 1991. He enrolled in a community college in the fall of 1991. Meanwhile, in August 1991, Grenzebach moved to modify or to clarify the decree to require Balch "to continue to pay support to assist . . . Tyson with [his] post-high school education and training". In March 1992, she

petitioned for modification of child support, requesting, along with other relief, postsecondary support for Tyson.

The Superior Court dismissed Grenzebach's motion and her petition for Tyson's postsecondary support. It concluded that it did "not have subject matter jurisdiction to require [Balch] to pay for post-secondary educational support for the parties child, Tyson, who was 19 at the time the Motion for Modification was filed."

## ANALYSIS

■ In general, the modification of a dissolution decree extends or reduces the rights intended in the decree. *In re Marriage of Jarvis*, 58 Wn. App. 342, 345, 792 P.2d 1259 (1990). The 1982 modification order explicitly modified "the parties Decree of Dissolution entered on July 16, 1979" to provide that "the children shall be supported until they are no longer in need of support." Thus, the language of the 1982 order, not the 1979 decree, controls the duration of Balch's child support obligation.

The Superior Court did have subject matter jurisdiction to consider Grenzebach's motion and petition for postemancipation child support. *In re Marriage of Major*, 71 Wn. App. 531, 859 P.2d 1262 (1993). Balch now concedes the lower court's jurisdiction, but, nonetheless, contends that the Superior Court lacked statutory authority to award child support in an action commenced after Tyson's emancipation on June 14, 1990.

■ Under RCW 26.09.100(1), a superior court has the authority to order that a parent pay child support for any dependent child although that child has reached majority. *Childers v. Childers*, 89 Wn.2d 592, 595, 597, 575 P.2d 201 (1978). The child support obligation is based on dependency, not minority. *Childers*, 89 Wn.2d at 597. A dependent child is "one who looks to another for support and maintenance, one who is in fact dependent, one who relies on another for the reasonable necessities of life." *Childers*, 89 Wn.2d at 598.

Under RCW 26.09.170(3), however, if the decree does not expressly provide otherwise, "provisions for the support of a

child are terminated by emancipation of the child". Emancipation occurs by law when a child reaches the age of majority, or earlier if some event terminates the child's economic dependence. *In re Marriage of Gimlett*, 95 Wn.2d 699, 702, 704, 629 P.2d 450 (1981). The statutory age of majority is now 18. RCW 26.28.010.

If a decree expressly provides for postmajority support, a parent "owing a duty of support" may have a continuing obligation to pay college expenses as child support for a child who remains in fact dependent. RCW 26.09.100(1), .170(3); *Childers*, 89 Wn.2d at 597-99. *Childers* established criteria for when a parent owes a duty to pay college expense as child support. *Childers*, 89 Wn.2d at 599-601. The Legislature has since established its own criteria to guide postmajority support awards. RCW 26.19.090.

The *Gimlett* court noted that even if the original decree terminated child support at emancipation, the court could modify the decree to grant post-emancipation support at the request of a party meeting the statutory requirements of RCW 26.09.170. *Gimlett*, 95 Wn.2d at 704. Subsequently, this court interpreted *Childers, Gimlett*, and RCW 26.09.170(3) as authorizing modification of a decree only if the movant filed a motion to modify *before* the termination of support at emancipation or under the decree provisions. *In re Marriage of Studebaker*, 36 Wn. App. 815, 817, 677 P.2d 789 (1984). Conversely, if a decree expressly provides for postmajority support, the superior court may modify the support provisions after the child reaches majority if the movant files the motion before the termination of support. *In re Marriage of Crossland*, 49 Wn. App. 874, 877-78, 746 P.2d 842 (1987).

Here, Grenzebach moved, after Tyson reached majority, for either clarification or modification of the child support provisions of the decree. The Superior Court had statutory authority to do either if (1) the decree expressly provided for postmajority support and (2) Balch's support obligation had not terminated because Tyson was still a dependent child.

■ The modified decree provided that "the children shall be supported until they are no longer in need of support". Although this stipulated language lacks precision as to the duration and nature of child support, it clearly expresses an intention to continue child support beyond majority if Tyson remained dependent in fact. *See* RCW 26.09.170(3). Further, the language is sufficient to put the payor parent on notice that the child support obligation may continue after majority. *See Gimlett*, 95 Wn.2d at 703.

A dependent child is one who "looks to another for support", *Childers*, at 598. The language here — "until they are no longer in need of support" — is similar to language in other decrees found by reviewing courts to be "sufficiently explicit" under RCW 26.09.170(3) to allow an order of post-majority support. *In re Marriage of Nielsen*, 52 Wn. App. 56, 60, 757 P.2d 537 (until the children are "no longer dependent"), *review denied*, 111 Wn.2d 1023 (1988); *In re Marriage of Anderson*, 49 Wn. App. 867, 868, 872, 746 P.2d 1220 (1987) (" '*so long as the children remain dependent*' ").

Grenzebach alleged that Tyson, although emancipated, was a dependent child, and the dissolution decree provided for his continued support. Thus, the Superior Court had statutory authority to consider an award for college support. It erred in determining that it lacked such authority.

Accordingly, we remand to the Superior Court for a determination of whether Tyson was and remains dependent, RCW 26.09.100(1); *Childers*, 89 Wn.2d at 597-98. If it determines that Tyson is dependent, the Superior Court, upon consideration of the criteria listed in RCW 26.19.090, shall determine whether and how much it should order Balch to pay toward Tyson's college expenses. *See Childers*, 89 Wn.2d at 599-601.

Reversed and remanded for further proceedings consistent with this opinion.

HOUGHTON, J., and WARME, J. Pro Tem., concur.

Review denied at 126 Wn.2d 1003 (1995).