# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LINDA OMORI and JEFF OMORI, | No. 87330-0-I |
| Respondents, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| THERESA MCDONALD, | |
| Appellant. | |

FELDMAN, J. — Theresa McDonald appeals the trial court's summary judgment order adjudicating her claims regarding the boundary between her parcel of real property and an adjoining parcel owned by Linda and Jeff Omori. Finding no error, we affirm.

I

The adjoining parcels at issue here—Parcel A, owned by McDonald, and Parcel B, owned by the Omoris—were created by short plat recorded in King County on or about December 9, 1998. After purchasing Parcel A, McDonald began landscaping a strip of land running along the south side of her property and eventually erected a fence separating the strip from Parcel B. Both the short plat and a survey recorded in 2018 under King County Recording Number 20180920 (the 2018 survey) depict this strip of land as belonging to Parcel B.

To avoid losing ownership of this strip of land, the Omoris filed a complaint for ejectment. In response, McDonald filed a counterclaim for adverse possession. The Omoris, in turn, filed a motion for summary judgment seeking dismissal of the counterclaim. The trial court entered an order granting that motion (the 2022 summary judgment order) and entered judgment dismissing McDonald's counterclaim pursuant to CR 54(b) (the CR 54(b) judgment). McDonald filed a motion for reconsideration, which the trial court denied.

McDonald did not file a notice of appeal as to the 2022 summary judgment order or the CR 54(b) judgment. Instead, she continued to argue in the trial court that the boundary lines between the two parcels had not been conclusively established by the previous trial court proceedings. To resolve that issue, the Omoris filed another motion for summary judgment. The trial court entered an order granting that motion (the 2024 summary judgment order) as follows:

> The boundaries' of the parties' respective lots have been adjudicated in this Court's *Order Granting Motion For Summary Judgment* dated September 23, 2022 and *Order Entering Judgment On Counterclaim For Adverse Possession Under CR 54(b)* dated October 21, 2022, and are defined by the survey recorded on September 20, 2018 under King County Recording Number 20180920.

Having so ruled, the court expressly dismissed "[a]ll of McDonald's counterclaims and alternative legal theories."

McDonald sought direct review of 2024 summary judgment order in the Supreme Court, which transferred the appeal to this court.

II

McDonald's principal argument on appeal, as in the trial court proceedings below, is that "the trial court errored in its judgment on March 22, 2024, with the

2

contention that the property lines had been properly defined in the previous hearings as the basis for its decision." As set forth below, McDonald has not established an entitlement to appellate relief on this or any other grounds.

"The interpretation of a court order is a question of law, which we review de novo." *State v. Ayala-Pineda*, 23 Wn. App. 2d 863, 870, 520 P.3d 463 (2022) (citing *In re Marriage of Gimlett*, 95 Wn.2d 699, 704-05, 629 P.2d 450 (1981)). "If an order is unambiguous, we interpret it as written." *Id.* (citing *In re Marriage of Jess*, 136 Wn. App. 922, 926, 151 P.3d 240 (2007)). Similarly, "[t]he standard of review for a summary judgment order is de novo . . . viewing the facts and reasonable inferences in the light most favorable to the nonmoving party." *Watkins v. ESA Mgmt., LLC*, 30 Wn. App. 2d 916, 923, 547 P.3d 271 (2024) (*quoting Ramey v. Knorr*, 130 Wn. App. 672, 685, 124 P.3d 314 (2005)).

Contrary to McDonald's argument, the trial court correctly ruled that the 2022 summary judgment order and CR 54(b) judgment conclusively resolved her claims regarding the disputed boundary lines. The 2022 summary judgment order is based in part on the boundary lines established by the 2018 survey. Leaving no doubt as to the trial court's ruling, the CR 54(b) judgment expressly states that the 2022 summary judgment order "fully resolves the issue of the boundary between the parties' adjoining lots." Together, the 2022 summary judgment order and CR 54(b) judgment show that the trial court rejected each and all of McDonald's arguments, including her argument that the boundaries between Parcel A and Parcel B were uncertain or inaccurate. On this record, the trial court did not err in concluding in the 2024 summary judgment order that the disputed boundary lines

have been fully adjudicated and are conclusively established by the prior proceedings.

McDonald's contrary arguments are unpersuasive. First, McDonald argues the location of the boundary lines "were not properly established" below because, prior to entry of the 2024 summary judgment ruling, the trial court indicated at a status conference that the parties' dispute had *not* been conclusively resolved by the 2022 summary judgment order and CR 54(b) judgment. But it has long been established that interlocutory rulings, such as the statement made by the trial court at this status conference, "are subject to change and correction before the final disposition of a cause in which they are made." *Sinnes v. Daggett,* 80 Wash. 673, 677-78, 142 P. 5 (1914).[1] McDonald's reliance on the trial court's earlier ruling is therefore misplaced.

Second, McDonald argues that under chapter 58.04 RCW "the courts bear the weight to help determine the intent of where the [boundary] lines were meant to be . . . and help adjust so no one is penalized for other errors or errors of the mistakes of the past." But chapter 58.04 RCW gives trial courts authority to establish such boundary lines only when "the boundaries of lands between two or more adjoining proprietors have been lost, or by time, accident or any other cause, have become obscure, or uncertain." RCW 58.04.020. Here, the boundary lines at issue are not lost, obscure, or uncertain. To the contrary, they are conclusively

---

[1] *See also Gull Indus., Inc. v. Granite State Ins. Co.*, 18 Wn. App. 2d 842, 899 n.41, 493 P.3d 1183 (2021) (noting that because "final judgment has not been entered in this case. . . . all of the trial court's rulings remain interlocutory and are subject to revision by the trial court").

defined in both the short plat and the 2018 survey.[2]  Accordingly, RCW 58.04 is not applicable here.

Finally, McDonald raises several additional arguments as to why the boundary lines between the two parcels are uncertain and why the 2018 survey is inaccurate.  Such arguments include (a) the 2018 survey does not reflect the original intent of the short plat, (b) the boundary lines do not conform with city code, and (c) the 2018 survey was completed using unreliable techniques.  These arguments are not sufficiently developed and supported to warrant review.[3]  Nonetheless, we have carefully reviewed McDonald's briefing alongside the record and have determined that none of these other arguments establish that the trial court erred or otherwise entitle her to relief.[4]

III

Lastly, the Omoris request an award of attorney fees on appeal pursuant to RCW 7.28.083(3), which provides:

> The prevailing party in an action asserting title to real property by adverse possession may request the court to award costs and reasonable attorneys' fees. The court may award all or a portion of costs and reasonable attorneys' fees to the prevailing party if, after considering all the facts, the court determines such an award is equitable and just.

---

[2] Additionally, as established in the summary judgment proceedings immediately preceding this appeal, a second survey recorded in 2023 confirms the accuracy of the 2018 survey.

[3] Although McDonald is pro se, "[w]e hold a pro se litigant to the same standard as an attorney." *In re Est. of Little*, 9 Wn. App. 2d 262, 274 n.4, 444 P.3d 23 (2019).  "We do not address issues that a party neither raises appropriately nor discusses meaningfully with citations to authority." S*aviano v. Westport Amusements, Inc.*, 144 Wn. App. 72, 84, 180 P.3d 874 (2008) (citing RAP 10.3(a)(6); *State v. Mills*, 80 Wn. App. 231, 234, 907 P.2d 316 (1995)).

[4] The trial court's 2024 summary judgment ruling also notes that "Omori's claims for equitable or injunctive relief remain pending."  This reference to pending claims merely describes the additional claims that were not adjudicated and resolved by the 2022 summary judgment ruling, which is why the trial court previously entered judgment under CR 54(b).  The trial court's 2024 summary judgment ruling is a final adjudication of all claims and was properly appealed under RAP 2.2(a)(1).

Because the 2024 summary judgment order (the sole order appealed here) does not itself resolve an adverse possession claim and instead finds that claim to have been previously adjudicated, this request is denied.

Affirmed.

_Feldman, J._

WE CONCUR:

_Chung, J._

_Hazelrigg, J._