IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Petition for Child Support of<br><br>SAMANTHA SNODDERLY,<br><br>                    Appellant,<br><br>  and<br><br>BRADLEY SHOCKEY,<br><br>                    Respondent. | No. 86913-2-I<br><br>DIVISION ONE<br><br>ORDER GRANTING MOTION TO PUBLISH |

Appellant Samantha Snodderly moved to publish the opinion filed on July 21, 2025. The court issued an order requesting counsel file an answer to the motion to publish. Respondent Bradley Shockey did not file an answer. The court has reconsidered its prior determination not to publish the opinion for the above entitled matter and has found that it is of precedential value and should be published. Now, therefore it is hereby

ORDERED that appellant's motion to publish is granted; and it is further

ORDERED that the written opinion, filed on July 21, 2025, shall be published and printed in the Washington Appellate Reports.

Feldman, J.

Díaz, J.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Petition for Child Support of<br><br>SAMANTHA SNODDERLY,<br><br>                   Appellant,<br><br>  and<br><br>BRADLEY SHOCKEY,<br><br>                 Respondent. | No. 86913-2-I<br><br>DIVISION ONE<br><br>PUBLISHED OPINION |

SMITH, J. — Samantha Snodderly and Bradley Shockey share one child together, D.S. In 2022, the Division of Child Support issued an agreed settlement addressing child support obligations. In 2024, when D.S. was 18 years old but still in high school, Snodderly petitioned to obtain post-secondary child support. The trial court denied and dismissed Snodderly's petition, stating it did not have authority to order post-secondary support because the child was emancipated. Snodderly appealed.

Because the administrative order of child support is a written agreement for purposes of RCW 26.09.170(3), which extends the obligation for support past the age of 18 under certain circumstances, the trial court abused its discretion when it concluded it did not have authority to order post-secondary child support.

FACTS

Samantha Snodderly and Bradley Shockey share one child together, D.S. In 2006, when D.S. was born, Snodderly and Shockey signed and filed an acknowledgment of parentage with the appropriate agency. In 2011, Snodderly and Shockey entered into an administrative order of child support, issued by Division of Child Support (DCS). In June 2022, they entered into an agreed settlement with DCS modifying their support obligations concerning D.S. The agreed settlement of child support included duration provisions for the order. The agreement specified:

> The current child support and health care coverage obligations in this settlement / order continue each month until one of the following occurs:
>
> (1) A state or tribal court order supersedes this order.
>
> (2) This order is modified under WAC 388-14A-3925. The noncustodial parent, physical custodian, or DCS may petition for modification.
>
> (3) A child turns 18, or graduates from a secondary school program or the same level of vocational or technical training, which is later, if the child is a full-time student and has not reached age 19.

In February 2024, Snodderly petitioned the court to establish a child support order and obtain post-secondary support for D.S.[1] The administrative order was still in effect when Snodderly filed the petition. At the time, D.S. was 18, but had not yet graduated high school. Shockey was personally served, but never responded to the petition. Snodderly obtained an order of default in March 2024.

---

[1] Snodderly did not request a parenting plan.

In May 2024, Snodderly and Shockey appeared before the court, where Snodderly presented final orders. The trial court set a hearing to address whether it had jurisdiction to order support, considering Snodderly filed the petition after D.S. turned 18. The court conducted the hearing in June 2024; Shockey did not appear.

At the hearing, the court determined it did not have jurisdiction to enter a parenting plan and did not have authority to enter an order for post-secondary support because D.S. was emancipated and the agreed settlement was not considered a "written agreement" for purposes of RCW 26.09.170(3). Snodderly appeals.

## ANALYSIS

Snodderly claims the trial court abused its discretion when it determined D.S. was an emancipated adult and concluded it did not have jurisdiction to order post-secondary support. Because D.S. was dependent on his parents for support and the administrative order of child support was a valid, written agreement for purposes of RCW 26.09.170—which extended the parents' support obligation beyond the child's 18th birthday if he was still attending secondary school and had not reached the age of 19—the trial court abused its discretion when it determined it did not have authority to order post-secondary support.

We review a trial court's decision concerning modification of a child support order for abuse of discretion. *In re Marriage of Littlefield*, 133 Wn.2d 39, 46, 940 P.2d 1362 (1997). "A court abuses its discretion when its decision is

3

manifestly unreasonable or based on untenable grounds or reasons." *Matter of Marriage of Laidlaw*, 2 Wn. App. 2d 381, 386, 409 P.3d 1184 (2018).

"A parent-child relationship extends equally to every child and parent, regardless of the marital status of the parent." RCW 26.26A.105. DCS has the authority to enter child support orders when a party signs an acknowledgment of parentage. RCW 74.20A.056(1)(a)(i). When it comes to issues of child support, DCS attempts to settle matters through agreement, when possible. WAC 388-14A-3600. DCS is authorized to "enter a consent order or agreed settlement" to finalize child support obligations. WAC 388.14A-3600. An agreed settlement is "an administrative order[2] that reflects the agreement of the noncustodial parent, the custodial parent, and the division of child support." WAC 388-14A-1020. An agreed settlement is signed by the parties to the dispute and is final and enforceable on the date the last party signs the agreement. WAC 388.14A-3600.

Under RCW 26.09.170(3), "unless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child." For purposes of RCW 26.09.170, emancipation occurs when the child turns 18 years old, the age of majority.[3] *In re Marriage of Cota*, 177 Wn. App. 527, 533, 312 P.3d 695 (2013); RCW 26.28.010. But "[t]he child support obligation is based on dependency, not minority." *Balch v. Balch*,

---

[2] An administrative order is "a determination, finding, decree, or order for support . . . establishing the existence of a support obligation." WAC 388-14A-1020.

[3] An individual may also be emancipated by the occurrence of certain events, such as marriage or military service. *See In re Marriage of Gimlett*, 95 Wn.2d 699, 702, 629 P.2d 450 (1981).

75 Wn. App. 776, 779, 880 P.2d 78 (1994) (citing *Childers v. Childers*, 89 Wn.2d 592, 597, 575 P.2d 201 (1978)).  Accordingly, a parent may have a continuing obligation to provide support for a child over the age of 18 if the order expressly provides for post-majority support.  *Balch*, 75 Wn. App. at 779.

In accordance with RCW 26.09, the trial court has discretion to order support "beyond a child's minority as long as that child is still dependent." *Wimmer v. Wimmer*, 44 Wn. App. 842, 844, 723 P.2d 531 (1986) (citing *Childers*, 89 Wn.2d at 601).  This support may include support for post-secondary education, as long as it is "expressly provided in the decree."  *In re Marriage of Gimlett*, 95 Wn.2d 699, 703, 629 P.2d 450 (1981) (quoting RCW 26.09.170).  While the superior court cannot modify a DCS administrative support order to address post-secondary support, *see* WAC 388-14A-3925, it can enter an order for support and supersede the administrative order.  RCW 74.20A.055(7).

Here, DCS entered an agreed settlement in June 2022, that stated, "This Agreed Settlement is a child support order under WAC 388-14A-3600."  The agreed settlement also noted child support would continue until (1) a state court order supersedes it, (2) the order is modified under WAC 388-14A-3925, or (3) the child turns 18 or graduates from a secondary school program, whichever is later, as long as the child is a full-time student and has not reached the age of 19.

When the trial court considered Snodderly's petition for post-secondary support, it concluded the agreed settlement was not sufficient to preserve the issue of post-secondary support beyond the child's 18th birthday because the

5

statute requires a *court* order to extend the court's authority past the age of emancipation. And, because no court order addressing child support was in the record, the court reasoned it did not have authority to order post-secondary support.

The trial court believed "the administrative order on its own is not an order for purposes of [RCW] 26.09.170." But this interpretation treats children whose support is ordered through the administrative process differently than children whose support is established by a dissolution decree, parentage action, or by filing a petition for child support and a parenting plan. And it does not align with the intent of RCW 26.26A.105 to prevent discrimination based on the marital status of parents: "A parent-child relationship extends equally to every child and parent, regardless of the marital status of the parent." RCW 26.09.170(3) does not make this distinction—it encompasses both decrees and agreements in writing (i.e., administrative orders). The agreed settlement Snodderly and Shockey entered into is precisely the type of written agreement considered by RCW 26.09.170(3).

Additionally, because an administrative order of child support is a "written agreement" for purposes of RCW 26.09.170(3), the court had the authority to grant Snodderly's petition, as it was brought before the support obligation for D.S. terminated.

When Snodderly petitioned to establish a child support order to obtain post-secondary child support, D.S. was 18 but still attending secondary school. And even though the trial court ruled that at the time the petition was filed, an

6

administrative order of support existed—which provided it was valid until the child finished high school or turned 19 years old, whichever happened first—the court determined there was no written agreement in this case. Consequently, the court ruled D.S. was emancipated when he turned 18 years old, and it did not have authority to order post-secondary support. This determination was error. The language of the agreed settlement makes clear D.S. was still dependent when Snodderly filed the petition. The agreed settlement was a valid agreement in writing and, therefore, D.S. was not emancipated for purposes of RCW 26.09.170(3).

Accordingly, the trial court abused its discretion when it dismissed Snodderly's petition for post-secondary support.

We reverse and remand for further proceedings consistent with this opinion.

_____

WE CONCUR:

_____    _____