

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| In re the Matter of the Interest of | ) | |
| | ) | No. 40459-5-III |
| LIANA VANEK, | ) | |
| | ) | |
| | ) | |
| | ) | UNPUBLISHED OPINION |

STAAB, A.C.J. — Amy Vanek[1] appeals from a superior court order granting her

minor child, Liana Vanek, a decree of emancipation. While this appeal was pending,

Liana reached the age of 18. Because Liana is no longer a minor, this court can provide

no effective relief. We dismiss the appeal as moot.

BACKGROUND

At the age of 16, Liana petitioned the superior court for emancipation from her

parents. Her mother, Amy, opposed the petition. Following a hearing, the court granted

the petition and entered a decree of emancipation.

Amy moved for reconsideration. She argued that Liana's petition was missing

information required under RCW 13.64.020, and that the judge should have recused

---

[1] To avoid confusion due to the parties sharing the same last name, we refer to
them by their first names. This is done solely for clarity, and no disrespect is intended.

himself because he had recused from her divorce case. Following a hearing,[2] the court

denied the motion. Amy timely appealed.

While this appeal was pending, Liana turned 18 years old. Considering this

development, the panel requested supplemental briefing asking why we should not

dismiss the appeal as moot. In response, Amy acknowledges that the appeal is moot.

Nevertheless, she argues we should decide the case as a matter of continuing and

substantial public interest

> because this Court should determine whether a trial court can bypass the
> requirements of RCW 13.64.020 by simply accepting a minor's declaration
> and testimony. The issue will arise again in other emaciation petitions and
> guidance is necessary on whether the trial court must abide by the mandates
> of the statute.

Appellant's Supp. Br. at 6-7.

## ANALYSIS

This appeal is moot. Under RAP 18.9(c), we may dismiss an appeal if it is moot.

An appeal is moot "if the court can no longer provide effective relief." *State v. Hunley*,

175 Wn.2d 901, 907, 287 P.3d 584 (2012). Emancipation is a legal status available only

to minors. *See* RCW 13.64.010. Once a person turns 18, they are emancipated by

operation of law. *In re Marriage of Gimlett*, 95 Wn.2d 699, 629 P.2d 450 (1981) (citing

---

[2] A transcript of this hearing is not in the record.

RCW 26.28.010). Because Liana has turned 18, any decision on the merits of her emancipation petition would have no effect. Amy's appeal is therefore moot.

Even if an appeal is considered moot, this court may review it "if the question is one of continuing and substantial public interest." *State v. Beaver*, 184 Wn.2d 321, 330, 358 P.3d 385 (2015). Courts typically consider three factors to determine "whether a case presents issues of continuing and substantial public interest: ' . . . (1) whether the issue is of a public or private nature; (2) whether an authoritative determination is desirable to provide future guidance to public officers; and (3) whether the issue is likely to recur.'" *In re Marriage of Horner*, 151 Wn.2d 884, 891-92, 93 P.3d 124 (2004). However, the continuing and substantial public interest exception "is not used in cases that are limited to their specific facts." *Beaver*, 184 Wn.2d at 331.

Amy does not meaningfully argue why her appeal is one of continuing and substantial public interest. Other than her conclusory argument quoted above, she fails to analyze the relevant factors in her supplemental brief. "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998).

Nevertheless, this appeal does not present a question of continuing and substantial public interest. The questions raised concern only the sufficiency of evidence and statutory compliance in a single emancipation proceeding. Those issues are fact specific and private in nature. And the existing statutory framework provides courts and public

officials sufficient guidance on emancipation proceedings. *See* ch. 13.64 RCW (Emancipation of Minors).

This appeal is moot, and it does not present a question of continuing and substantial public interest.

Dismissed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, A.C.J.

WE CONCUR:

_____
Fearing, J.

_____
Cooney, J.